**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 16 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIUS WEYPITE,

                Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 23-3341

Agency No.
A201-757-264

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024[**]
Las Vegas, Nevada

Before: BEA, BENNETT, and MILLER, Circuit Judges.

Petitioner Julius Weypite, a native and citizen of Cameroon, petitions for

review of the Board of Immigration Appeals' ("BIA") order which dismissed his

appeal of an Immigration Judge's ("IJ") decision denying his applications for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here. The petition is denied.

We have jurisdiction under 8 U.S.C. § 1252. This court reviews the BIA's decision and those parts of the IJ's decision upon which the BIA relied. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review credibility findings under the "substantial evidence" standard. *Turcios v. I.N.S.*, 821 F.2d 1396, 1399 (9th Cir. 1987). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An alien seeking asylum bears the burden of proof of demonstrating his eligibility. 8 U.S.C. § 1158(b)(1)(B). An alien seeking relief from removal bears the burden of proof that he satisfied the applicable eligibility requirements. 8 U.S.C. § 1229a(c)(4)(A)(i). The IJ makes a credibility determination based on the totality of the circumstances. 8 U.S.C. § 1229a(c)(4)(C). In determining credibility, the IJ may consider the applicant's demeanor, candor, and responsiveness; the inherent plausibility of the applicant's account; the internal consistency of his statements; the consistency of his statements with other evidence; and any inaccuracies or falsehoods in each statement. 8 U.S.C. § 1158(b)(1)(B)(iii) (applications for asylum); 8 U.S.C. § 1229a(c)(4)(C) (applications for relief from removal).

To qualify for protection under the Convention Against Torture, a petitioner must "establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)).

1.      Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. Here, the IJ based her finding of adverse credibility on Petitioner's demeanor, his inaccurate testimony regarding his travel documents, and the implausibility of his account of events.

*Demeanor*.  "[A]n IJ's determination regarding demeanor is given special deference." *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010).  The IJ must provide "specific examples of a petitioner's demeanor that would support this basis for an adverse credibility determination."  *Id*.  Here, the IJ based her adverse credibility determination on the fact that "on no less than five different occasions, [Petitioner] broke into a display of sobbing and crying" but shed no tears.  On "at least two occasions," Petitioner so cried even though the discussion did not appear to be particularly emotional.  The IJ opined that Petitioner's sobbing was an attempt to showcase his earnestness.  Petitioner argues that the IJ did not sufficiently tether her assessment of Petitioner's demeanor to specific points in the hearing transcript, but the IJ was not required to interrupt proceedings to narrate Petitioner's crying to pinpoint when exactly in the hearing it occurred.  *See Manes v. Sessions*, 875 F.3d

1261, 1264 (9th Cir. 2017) (noting that "the IJ [need not] conduct a running commentary on the alien's credibility"). The IJ specifically described the elements of Petitioner's demeanor that contributed to an adverse credibility determination. Petitioner's demeanor was thus a permissible adverse credibility factor.

*Inaccurate Testimony.* In making a credibility determination, the IJ may consider the consistency of the alien's statements with other evidence of record and "any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1229a(c)(4)(C). The IJ noted that Petitioner had previously submitted false documents but that at the hearing he denied having done so. The BIA found that it was not Petitioner's past attempt to attain a visa through fraudulent means that supported the IJ's finding of adverse credibility, but rather his "inaccurate testimony in Immigration Court about having fraudulently obtained a visa in the past." Although Petitioner points to portions of the record in which his testimony is consistent, that consistency is insufficient to compel a positive credibility finding. Petitioner's inaccurate statement that he had not previously submitted fraudulent documents is a permissible adverse credibility factor.

*Implausible Testimony and Omission.* The IJ found that parts of Petitioner's testimony "did not make a lot of sense in terms of plausibility." As the BIA noted, the IJ "found it implausible that [Petitioner] would not attempt to notify the military after he was arrested that he was victimized by a conman and did not send money to

23-3341

support the separatists, particularly because he was arrested for supporting the separatists." The BIA is correct that "[t]he Immigration Judge was not required to accept [Petitioner's] explanation" that he did not tell the military about the conman because he did not think that they would believe him, especially given that the alleged conman was incarcerated with Petitioner. The IJ further found that Petitioner's failure to mention that the person extorting him was a conman and not a separatist in his asylum interview and in his sworn declaration was a "simply amazing and significant omission." Petitioner argues that these details were merely "collateral and ancillary," and thus that their omission did not suggest that he had "fabricated his claim." But whether Petitioner was genuinely involved with the separatists goes directly to the credibility of his fear of reprisal, so the IJ was justified in finding the omissions "significant." Petitioner's implausible testimony is a permissible adverse credibility factor.

For the foregoing reasons, the record does not compel a contrary adverse credibility finding. Substantial evidence supports the BIA's affirmance of the IJ's denial of Petitioner's application for asylum and withholding of removal.

2. Substantial evidence supports the BIA's affirmance of the IJ's denial of protection under the Convention Against Torture. The BIA analyzed the country conditions evidence and found that while it describes "violent conflict," it does not show that torture of Anglophones is so widespread that Petitioner will more likely

than not be tortured if he returns. The BIA also found that Petitioner had not credibly established that he was a separatist or that the Cameroonian government perceived him as a separatist.

Here, Petitioner did not provide evidence sufficient to conclude that the record compelled a contrary finding. As the government noted, much of the violence described in the country report and other supporting documents either does not meet the definition of torture under the CAT or does not show that Petitioner faces a particularized risk of torture. To the extent that Petitioner points to documents suggesting a risk of violence against all Anglophones, those documents are insufficient to compel a contrary finding in light of the voluminous reports that describe violence only against separatists. The government is correct that the instances in which torture is reported is insufficient to show that Petitioner is more likely than not to be tortured upon return to Cameroon. Because the record does not compel a finding that Petitioner would be more likely than not to face torture upon his return to Cameroon, substantial evidence supports the BIA's affirmance of the IJ's denial of Petitioner's application for CAT protection.

**PETITION DENIED.**

23-3341